```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| RYAN KERWIN, | : |
| | : |
|     Plaintiff | : |
| | :   CIVIL NO. 1:CV-03-2253 |
|     vs. | : |
| | :   (Judge Caldwell) |
| BEN VARNER, *et al.*, | : |
| | : |
|     Defendants | : |

*M E M O R A N D U M*

*I.   Introduction.*

Ryan Kerwin, an inmate at SCI-Albion, Albion, Pennsylvania, filed this action setting forth several federal civil-rights claims arising from his former confinement at the Smithfield State Correctional Institution ("SCI-Smithfield"), Huntingdon, Pennsylvania.  In his amended complaint, Kerwin alleges that various Department of Corrections ("DOC") employees failed to protect him from assault by another inmate, denied him proper medical care for his injuries after the assault, and then issued a fabricated charge.

Presently before the Court for consideration are the following motions filed by Kerwin: (1) Third Motion for Appointment of Counsel (doc. 186); (2) Motion Requesting a Court Appointed Expert Witness and Private Investigator (doc. 188); (3) Motion to Strike Dr. McGarvie's Motion for Summary Judgment for

failing to Comply with Local Rule of Court 56.1 (doc. 190); and a (4) Motion for Extension of Time to Respond to Dr. McGarvie's Motion for Summary Judgment (doc. 192).

For the reasons that follow, all four motions will be denied.

*II.   Procedural History and Background.*

In his Amended Complaint, Kerwin alleged that several Pennsylvania Department of Corrections ("DOC") employees at SCI-Huntingdon failed to protect him from harm after his cellmate, Gary Peterson, attacked him on December 5, 2001.  Kerwin averred he was improperly housed with Peterson, who was known to Defendants as psychologically unstable as well as suffering from Hepatitis C.  He also alleged that Dr. McGarvie, a former contract-care medical provider, refused him adequate medical care after the assault.

We granted in part and denied in part the DOC defendants' Motion to Dismiss, and the following Eighth Amendment claims remain: (1) a failure-to-protect claim against defendants Ersik, Knopp, Hannah and John Doe members of SCI-Huntingdon's psychology department for failing to protect Kerwin from assault by Peterson; (2) a failure-to-protect claim against Secretary Bear, McCullough and Varner; and (3) a claim of deliberate

-2-

indifference to a serious medical against Dr. McGarvie for her failure to test Plaintiff for Hepatitis C on the day of the assault, or afterwards.

On May 22, 2006, Plaintiff filed a Motion for Partial Summary Judgment against Dr. McGarvie.  After DOC counsel realized that Dr. McGarvie was not a DOC employee, and had not agreed to Commonwealth representation, separate counsel for Dr. McGarvie entered an appearance and filed a response to Plaintiff's motion as well as a counter-motion for summary judgment.

Dr. McGarvie's Motion for Summary Judgment, in part, relies upon Kerwin's failure to demonstrate harm as a result of her
medical decision not to test him on the day of the assault based on her opinion that no Hepatitis C test was medically necessary under the circumstances presented by Kerwin.  Additionally, Dr. McGarvie asserts that she lost any ability to order a Hepatitis C test for Kerwin upon the February 2, 2002, expiration of her employment with the contract medical-care provider.

Kerwin recently filed an answer to Dr. McGarvie's statement of undisputed facts and brief in opposition to defendant's motion for summary judgment with supporting exhibits. Dr. McGarvie has not yet filed a reply brief.

*III. Discussion.*

    A.    *Plaintiff's Motion to Strike Dr. McGarvie's Motion for Summary Judgment.*

Kerwin requests that the Court strike Dr. McGarvie's Motion for Summary Judgment due to her failure to comply with Local Rule 56.1 requiring that all such motions be accompanied by a separate statement of material facts for which the moving party contends there is no genuine issue to be tried. *See* M.D. Pa. Local Rule 56.1. We will deny the motion. It is true that Dr. McGarvie did not submit a statement of material facts simultaneously with her Motion for Summary Judgment, but the statement was later filed on November 21, 2006. (*See* Docs. 196-1 and 196-2, Dr. McGarvie's Statement of Undisputed Facts and Supporting Affidavit). The statement was late, but this did not prejudice Kerwin as he has recently filed his counter-statement of facts. (*See* Doc. 202).

    *B.*    *Plaintiff's Motion for a Court-Appointed Expert Witness and Private Investigator.*

Kerwin argues he needs a medical expert to address Dr. McGarvie's summary-judgment motion because that motion highlights his lack of such an expert to support his contention that she should have tested him for Hepatitis C on the day of the assault.

-4-

Plaintiff points out that, as a layperson, he cannot rebut Dr. McGarview's contention, thus presenting his need for an expert.

Additionally, claiming that Dr. McGarvie has placed Peterson's Hepatitis C status at issue, Kerwin requests the appointment of a private investigator to locate Peterson so he may learn Peterson's Hepatitis C status. He requests that the Court direct defendant McGarvie to pay for these services. (*See* Docs. 188 and 189, Motion for Court Appointed Medical Expert and Private Investigator and supporting brief).

In opposing the motion, Dr. McGarvie contends that Kerwin's certificate of merit in accordance with Pa. R. Civ. P. 1042.3, filed at the onset of this action (which originally included state malpractice claims), conceded that expert testimony was not needed to pursue his claims. Dr. McGarvie also notes that neither the Court nor defendants are authorized or required to pay for expert medical witnesses for pro se litigants. Similarly, she argues that his request fares no better under Federal Rule of Evidence 706, as this rule provides for the appointment of experts to assist the Court, not individual parties as Kerwin has requested. (*Id.*)

We agree with the latter argument and find that we do not have the authority to appoint a medical expert or private

-5-

investigator to act on behalf of Kerwin.[1] Rule 706 states that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). Section (b) of the Rule charges the compensation of court-appointed experts to the parties and as costs. Rule 706, however, allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not. It is clear that a Rule 706 expert is an independent expert, and not a member of any party's litigation team. The fact that the expert's compensation can be split between the parties, or apportioned, as determined by the Court or charged as costs, further supports finding the Rule 706 expert to be an independent consultant for the aid of the fact finder. *See* Fed. R. Evid. 706(b). Rule 706(d) also underscores the detached, neutral nature of a court-appointed expert, as it specifically notes that "nothing in this rule limits the parties in calling expert witnesses of their own selection."

We also note that Plaintiff already has submitted some evidence on the issue. Included in his opposition materials to

---

[1] We are not persuaded by the first argument. As Defendant acknowledges Plaintiff couched that statement in terms that he felt "forced" or compelled to make it for the purposes of moving forward with his medical malpractice case. (Doc. 200, McGarvie's Br. in Opp'n to Pl.'s Request for a Medical Expert and Private Investigator).

Dr. McGarvie's summary-judgment motion is an excerpt from the Center for Disease Control's Guidelines for Treatment of Hepatitis in Prisons. (*See* Doc. 197-3, Letter with attachment from Human Rights Watch to Kerwin). Relying on this excerpt from the Guidelines, Kerwin calls into question Dr. McGarvie's medical opinion as the excerpt "proves that Hepatitis C can be passed from one person to another when the infected person bites an uninfected person and exposes them to blood or bloodborne pathogens." (Doc. 188).

In sum, Kerwin's position as a pro se litigant proceeding in forma pauperis on an Eighth Amendment medical claim does not mandate that the Court appoint an expert for the aid of the Court at this point. This is especially true when it has yet to be determined that Kerwin has suffered any harm.[2] Moreover, this Court is neither required, nor does it have the authority, to finance an expert on behalf of a plaintiff, no more than it can compel counsel to accept his case. *See Parham v. Johnson*, 7 F. Supp. 2d 595, 600 n.5 (W.D. Pa. 1998). Kerwin's inability to proceed due to his inability to pay for an expert witness is no

---

[2] Documents in the record reflect that Kerwin's last Hepatitis C test, performed on July 24, 2001, produced a negative result. There is nothing in the record to demonstrate that Kerwin has tested positive for Hepatitis C since the December 2001 assault.

-7-

different than a non-prisoner litigant confronted with the same difficulty. *See Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (§ 1915 does not authorize district courts to provide expert witness fees for indigent parties in civil actions). Even when confronted with a situation where the need for an expert is obvious, the Court cannot finance the fees for such a witness. *See Johnson v. Pennsylvania Department of Correction*, Civ. No. 99-5325, 2002 WL 485635 (E.D. Pa. March 28, 2002)(after court-appointed counsel's extensive, yet unsuccessful efforts, for nineteen months to obtain a medical expert to support plaintiff's claims on the appropriateness of medical treatment received, the Court dismissed the action for failure to present competent medical testimony necessary to "any chance of success on his claims"). For these reasons, as well as Kerwin's submission of a brief in opposition to McGarvie's Motion for Summary Judgment, Kerwin's request for a court order appointing an expert witness or private investigator in this case will be denied.

    *C.    Kerwin's Third Motion for Appointment of Counsel*.

Plaintiff's most recent motion for appointment of counsel is based on his need for a medical expert and a private investigator to locate former inmate Peterson to seek his voluntary disclosure of his Hepatitis C status. (Docs. 186-187,

Pl.'s Third Motion for Appointment of Counsel and Supporting Brief).  We have already denied Kerwin's request for a medical expert and private investigator.  Having reached that conclusion, and considering Kerwin's failure to cite any other rationale for needing counsel at this juncture, his motion will be denied for reasons previously set forth in our other orders denying Kerwin's earlier requests for counsel.  In addition to Kerwin's previously noted ability to adequately convey his claims and issues to the Court, we are mindful that Kerwin has filed a brief in opposition to Dr. McGarvie's Motion for Summary Judgment, complete with exhibits and a counter-statement of undisputed facts.  For these reasons, Kerwin's Third Motion for Appointment of Counsel will be denied without prejudice.

> *D. Kerwin's Motion for Enlargement of Time to File a Brief in Opposition to Dr. McGarvie's Motion for Summary Judgment.*

On November 16, 2006, Plaintiff filed a Motion for Enlargement of Time to file a response to Dr. McGarvie's Motion for Summary Judgment premised upon the untimely filing of McGarvie's statement of undisputed material facts, his recent access to discovery materials, and his recent request for a court-appointed medical expert and investigator.  (Doc. 192).  However, on November 30, 2006, Kerwin filed a brief in opposition to

McGarvie's Motion for Summary Judgment.  Thus, his request for an enlargement of time is moot.

        We will issue an appropriate order.


                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge

Date: December 15, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
RYAN KERWIN,                       :
                                   :
    Plaintiff                      :
                                   :   CIVIL NO. 1:CV-03-2253
    vs.                            :
                                   :   (Judge Caldwell)
BEN VARNER, et al.,                :
                                   :
    Defendants                     :
```

*O R D E R*

AND NOW, this 15th day of December, 2006, it is ordered that:

    1.  Plaintiff's Third Motion for Appointment of Counsel (doc. 186) is denied.

    2.  Plaintiff's Motion Requesting a Court Appointed Expert Witness and Private Investigator (doc. 188) is denied.

    3.  Plaintiff's Motion to Strike Dr. McGarvie's Motion for Summary Judgment for failing to Comply with Local Rule of Court 56.1 (doc. 190) is denied.

    4.  Plaintiff's Motion for Extension of Time to Respond to Dr. McGarvie's Motion for Summary Judgment (doc. 192) is denied as moot.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge